IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02344-LTB-MEH

SUSAN J. STRATING,

    Plaintiff,

v.

ABOUND SOLAR, INC.,

    Defendant.

_____

**ORDER ON MOTION TO COMPEL**
_____

Before the Court is Plaintiff's Motion to Compel Discovery [filed January 31, 2012; docket #30]. The matter has been referred to this Court for disposition. The motion is briefed to the extent permitted by the rules,[1] and oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the motion.

**I.**    **Background**

Plaintiff Susan Strating initiated this action on September 23, 2010 alleging the following[2]: Ms. Strating was born in 1954. She began employment with Defendant Abound Solar, Inc. (formerly known as AVA Solar, Inc.; hereinafter, "Abound Solar") on October 22, 2007 and held the position of Human Resources Manager.

---

[1] In accordance with D.C. Colo. LCivR 7.1C, Defendant timely filed a response to the present motion, but Plaintiff did not file a reply brief.

[2] Because many of Plaintiff's discovery requests are challenged as irrelevant and/or overly broad, the Court looks to the allegations of the operative Complaint to determine the breadth and scope of each challenged request. Therefore, the Court reprints here in pertinent part Plaintiff's statement of facts.

Ms. Strating reported to Pascal Noronha, the President and Chief Executive Officer from her hire date until September 29, 2008. Thereafter, Ms. Strating reported to the newly hired Vice President of Human Resources, Brad Harris.

Ms. Strating performed a variety of roles within Human Resources and, until late 2008, she was the only Human Resources team member other than part-time support staff late in the year. With respect to her various roles, Ms. Strating served as Acting Safety Manager, which included setting up required protective equipment policies, medical surveillance processes, and engaging Colorado State University to evaluate and respond to detailed safety and health needs/requirements. Ms. Strating also created hiring policies and processes, established processes for posting positions, and was extensively involved in the recruitment, interviewing, hiring and orientation of new employees.

As Abound Solar grew, Ms. Strating worked with Manufacturing to analyze hiring needs and helped select the recruiting company to fuel the growth needs for Operators, Material Handlers, and Technicians. In addition, she worked with the company's Controller to contract with Administaff to provide outsourced benefits, payroll processing, and other services.

Throughout her tenure with the company, Ms. Strating observed and experienced inappropriate behavior. For example, Ms. Strating approached Mr. Noronha in July 2008 to discuss her goals and some projects she believed were urgent, particularly Affirmative Action and compensation systems. When Mr. Noronha declined to set up a time to talk about the subjects, he stated that he thought affirmative action was "mostly rubber stamping."

Mr. Noronha also made inappropriate comments regarding female employees. For example, he commented that the receptionist the company was contemplating hiring should be "good

looking." Mr. Noronha also made an inappropriate comment in July 2008 about his service on a jury involving a woman who had been beaten by her husband. Mr. Noronha told the group that the jury acquitted the husband and that "she had it [the abuse/beating] coming."

During conversations about prospective employment candidates, Mr. Noronha would often ask Ms. Strating about the age of potential candidates; Ms. Strating would reply that it was not legally appropriate to know/ask the age of candidates and instead she would describe the years of relevant experience. Ms. Strating was later advised that Mr. Noronha "didn't like being reminded about legal issues."

Despite Plaintiff's quality job performance, she was notified by Steve Abely, Chief Financial Officer, on January 16, 2009 that the company was "going in a different direction" and she was being terminated as part of a reduction in force effective January 19, 2009. When Ms. Strating countered that other male employees who were terminated had received the opportunity to try a different job and more severance for much less seniority than her, she was told the termination and severance amount were not negotiable.

In this action, Plaintiff claims gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Colo. Rev. Stat. § 24-34-402; age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Colo. Rev. Stat. § 24-34-402; and a hostile work environment based upon age and gender in violation of Title VII, the ADEA, and Colo. Rev. Stat. § 24-34-402.

**II.     Legal Standard**

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing

*Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

In this case, Plaintiff primarily challenges the Defendant's objections to her discovery requests based upon relevance. The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2011). Typically, the party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, Plaintiff requests an order compelling complete responses to several interrogatories and requests for production of documents propounded upon the Defendant. For the sake of efficiency, the Court will analyze the challenged discovery responses by category, rather than by number.

### III.   Analysis

#### A.   Personnel Information

In Interrogatory No. 13, Plaintiff seeks the date of hire and initial salary for Shannon Reichlein, a paralegal at Abound Solar. In Request for Production No. 17, Plaintiff seeks copies of

headcount reports for December 1, 2008, January 31, 2009 and June 30, 2009. Plaintiff contends that the information and documents "relate to the Defendant's RIF defense in this case and/or Ms. Strating's performance." Docket #30 at 6. Defendant objects to these requests as overbroad, unduly burdensome, irrelevant, harassing, an inappropriate invasion of privacy and not reasonably calculated to lead to the discovery of admissible or relevant information. Docket #30-1 at 3.

The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.*; *see also Simpson*, 220 F.R.D. at 359. "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs Inc..*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

With respect to the personnel information requested for Shannon Reichlein, the Court finds that relevance is not readily apparent. Defendant asserts that Ms. Reichlein is a paralegal who is "non-comparable" to Ms. Strating. Ms. Strating does not dispute this information. Moreover, Ms. Strating does not explain how Ms. Reichlein has anything to do with her work performance or Defendant's "reduction in force" defense. Therefore, the Plaintiff has failed to show the relevancy of the request, and the Court will deny the motion to compel a response to Interrogatory No. 13.

With respect to the request for three headcount reports, the Court finds such reports to be relevant on their face concerning Defendant's RIF defense. Although Defendant asserts it has "repeatedly admitted that its number of employees increased after Plaintiff's termination," there is no indication as to how such admissions were or have been made. Moreover, Defendant objects to this request claiming it is unduly burdensome and an invasion of privacy, but Defendant fails to explain how such reports are difficult to produce or contain confidential information. Therefore, the Defendant has failed to demonstrate the request is irrelevant or otherwise undiscoverable, and the Court grants Plaintiff's motion to compel Defendant's response to Request for Production No. 17. To the extent any of the reports contain individual confidential personnel information of Defendant's employees (such as social security, benefits or salary information; however, the Court does not consider the number of employees confidential), the reports may be treated under the governing Protective Order in this case.

B.     Financial Information

In Interrogatory No. 12, Plaintiff seeks the Defendant's annual expense for Administaff, ADP, Aerotek and any executive search firms retained by Defendant for calendar years 2008, 2009, and 2010. In Request for Production No. 18, Plaintiff seeks copies of all monthly financial reports that include expenses for periods ended December 31, 2008, March 31, 2009 and June 30, 2009. Again, Plaintiff contends that the information and documents "relate to the Defendant's RIF defense in this case and/or Ms. Strating's performance." Docket #30 at 6. Defendant objects to these requests as overbroad, unduly burdensome, irrelevant, harassing, an inappropriate invasion of privacy and not reasonably calculated to lead to the discovery of admissible or relevant information. Docket #30-1 at 3, 4.

The Court finds that, considering Plaintiff's claims of gender and age discrimination and harassment, relevancy is not readily apparent for a request for information concerning Defendant's expenses. The Court cannot see how expense information is relevant either to the Plaintiff's work performance (there is no indication she had anything to do with the calculation or management of Defendant's expenses as a Human Resources Manager) or to the Defendant's RIF defense. Plaintiff fails to provide any further explanation; therefore, the Court will deny Plaintiff's motion to compel Defendant's responses to Interrogatory No. 12 and Request for Production No. 18.

C.   Germany Sales Office

In Request for Production No. 19, Plaintiff seeks copies of all documents related to the opening of the sales office in Germany that relate in any way to work Defendant expected the Plaintiff to do between September 1, 2008 and January 9, 2009. Again, Plaintiff contends that the information and documents "relate to the Defendant's RIF defense in this case and/or Ms. Strating's performance." Docket #30 at 6. Defendant objects to this request as overbroad, unduly burdensome, harassing, an unreasonable invasion of privacy and not reasonably calculated to lead to the discovery of admissible or relevant information. Docket #30-1 at 4.

The Court finds that Plaintiff's request is relevant on its face concerning her work performance before her termination of employment. She asks simply and solely for documents related to Defendant's expectation of her work performance on the opening of the sales office in Germany. In response, Defendant argues only that "Plaintiff's termination was completely unrelated to Abound Solar's sales office in Germany and Plaintiff has provided no basis for her request." However, an argument by a party's attorney is not sufficient to determine Plaintiff's request undiscoverable. If Defendant's position is that Plaintiff's termination had nothing to do with her

performance concerning the Germany sales office, or if Defendant has no documents concerning its expectation of Plaintiff's performance for the Germany sales office, then Defendant should state such position in writing, executed under oath, in accordance with the applicable rules. The Court will grant Plaintiff's motion to compel Defendant's response to Request for Production No. 19.

### III.   CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Discovery [filed January 31, 2012; docket #30] is **granted in part** and **denied in part** as specified herein. Defendant shall respond to the requests so ordered no later than March 19, 2012.

Dated at Denver, Colorado, this 15th day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge